## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THE BRADY CENTER TO PREVENT GUN
VIOLENCE,
840 First Street, NE
Suite 400
Washington, DC 20002,

        Plaintiff

vs.

U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Washington, DC 20530,

and

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES,
99 New York Avenue, NE
Washington, DC 20226,

        Defendants.

Case No.  _____

## COMPLAINT
### (Freedom of Information Act)

    Plaintiff, The Brady Center to Prevent Gun Violence, brings this action against

Defendants, the U.S. Department of Justice ("DOJ") and its component agency, the Bureau of

Alcohol, Tobacco, Firearms and Explosives ("ATF"), to compel compliance with the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552.

    As further alleged below, Plaintiff has sought certain information from the ATF that is

directly relevant to Plaintiff's mission to reduce gun violence in America, and of public

importance.  Defendants have not claimed that the requested information is subject to any FOIA

exceptions or privilege and have not advanced any other reason why it should not be disclosed.

Despite the clear statutory requirement that an agency respond to a FOIA request within 20 days, and despite Plaintiff's repeated inquiries, Defendants have failed to produce any documents in response to either of Plaintiff's two FOIA requests – one made over six months ago, and the second made over two months ago.  Plaintiff seeks to compel Defendants to comply with their obligations under FOIA and promptly produce the requested information.

Plaintiff further alleges as follows:

## PARTIES

1.      Plaintiff, The Brady Center to Prevent Gun Violence, is a 501(c)(3) non-profit corporation incorporated under the laws of the District of Columbia, and headquartered at 840 First Street NE, Suite 400, Washington, DC 20006.

2.      Defendant, U.S. Department of Justice  is an agency of the United States Government under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1).  DOJ is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530.  DOJ has possession, custody, and control of the documents that Plaintiff seeks in response to its FOIA requests.

3.      Defendant, Bureau of Alcohol, Tobacco, Firearms and Explosives  is a component of the DOJ and is an agency of the United States of America under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1). ATF is headquartered at 99 New York Avenue, NE, Washington, DC 20226. ATF has possession, custody, and control of the documents that Plaintiff seeks in response to its FOIA requests.

## JURISDICTION & VENUE

4.      This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

5.      Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

6.     The Brady Center to Prevent Gun Violence is an independent, nonpartisan, non-profit organization with a mission to create a safer America by dramatically reducing gun-related injuries and deaths.  For more than 25 years, the Brady Center's legal team has taken on the corporate gun lobby and worked in and out of the courts to obtain justice for victims of gun violence, to reform dangerous industry practices, and to lead a new national conversation about gun violence prevention.

7.     The Brady Center also works with public officials to defend responsible gun laws that are under attack, and challenges laws, regulations, and practices that make American communities less safe.  In addition to its work in the courts, the Brady Center develops and implements extensive public health and safety programs designed to curb gun violence and change social norms surrounding guns, and publishes reports and disseminates information relevant to gun violence problems and solutions.  An important part of achieving the Brady Center's mission of reducing gun deaths and injuries is an ATF that effectively enforces firearms laws and cracks down on irresponsible gun dealers and dangerous gun industry practices that arm criminals.

8.     As further alleged below, the requested information will be used to advance these goals and to educate the public.

## A.     MARCH 29, 2017 FOIA REQUEST ("WHITE PAPER REQUEST")

9.     On February 6, 2017, the Washington Post reported that Ronald Turk, the second highest ranking official at ATF, had written a proposal titled "Options to Reduce or Modify Firearms Regulations" ("White Paper").  As reported by the Post, the White Paper was dated January 20, 2017 – Inauguration Day.  The Post reported that the White Paper included

recommendations to remove restrictions on gun silencers, allow gun dealers to have more guns used in crimes traced to their stores before the federal government requires additional information from the dealer, and consider lifting the ban on imported assault weapons, among other things.

10.     As an organization devoted to gun violence prevention, the Brady Center was concerned about many of the reported recommendations in the White Paper, which appeared inconsistent with the ATF's duty to enforce the law, and its stated mission to "to protect communities from violent criminals, criminal organizations, the illegal use and trafficking of firearms," and other such public harms.  The Brady Center also desired to know the extent to which any outside groups or individuals may have been involved in developing the recommendations.  The Brady Center was aware that the White Paper appeared to have been authored on the day President Trump was sworn into office, and knew that groups such as the National Rifle Association ("NRA") had contributed large amounts of money to his campaign. While many recommendations in the reported White Paper appeared inconsistent with the ATF's mission, many appeared consistent with the NRA's agenda of removing and reducing firearms regulations.

11.     As the United States Supreme Court has recognized, "the basic purpose of the FOIA is to open agency action to the light of public scrutiny." *Department of Air Force v. Rose*, 425 U.S. 352, 372 (1976).

12.     Accordingly, on March 29, 2017, the Brady Center submitted a FOIA request ("the White Paper Request") to ATF, seeking four categories of requested records:

> (1) All communications between ATF employees related to the January 20, 2017 White Paper titled "Federal Firearm Regulations - Options to Reduce or Modify Firearms Regulations";

(2) All communications between ATF employees and members of the Presidential Transition Team related to the January 20, 2017 White Paper titled "Federal Firearm Regulations - Options to Reduce or Modify Firearms Regulations";

(3) All communications between ATF employees and non-government employees, including but not limited to representatives from gun manufacturers or the National Rifle Association, related to the January 20, 2017 White Paper titled "Federal Firearm Regulations - Options to Reduce or Modify Firearms Regulations"; and

(4) All other documents, including drafts, related to the January 20, 2017 White Paper titled "Federal Firearm Regulations - Options to Reduce or Modify Firearms Regulations."

13.     The White Paper Request also requested a fee waiver.

14.     A true and correct copy of the White Paper Request is attached as Exhibit A.

15.     On April 27, 2017, the ATF acknowledged receiving the White Paper Request on March 29, 2017 and assigned it request number 2017-0556.  In the same letter, the ATF granted the Brady Center's fee waiver request.  It also stated that "[i]f you have any questions or wish to discuss any aspect of your request, you may contact our FOIA Public Liaisons, Darryl Webb or Johnny Rosner, at (202) 648-7390."

16.     On June 13, 2017, counsel for the Brady Center sent an email to the ATF requesting an update on the status of the ATF's response to the White Paper Request.  ATF did not respond.

17.     On July 7, 2017, counsel for the Brady Center called the ATF FOIA Public Liaisons (as instructed in the April 27, 2017 acknowledgement letter) and left a voicemail message requesting an update on the status of the ATF's response to the White Paper Request. The ATF did not respond.

18.     On July 19, 2017, counsel for the Brady Center sent an email to the ATF requesting an update on the status of the ATF's response to the White Paper Request.  The ATF did not respond.

19.     On August 1, 2017, counsel for the Brady Center called the ATF FOIA Public Liaisons (as instructed in the April 27, 2017 acknowledgement letter) and left a voicemail message requesting an update on the status of the ATF's response to the White Paper Request. The ATF did not respond.

20.     On August 1, 2017, counsel for the Brady Center sent an email to the ATF requesting an update on the status of the ATF's response to the White Paper Request.  The ATF did not respond.

21.     On August 8, 2017, counsel for the Brady Center raised the ATF's failure to respond with Mr. Peter Chisholm, who is currently the acting Chief of the ATF Disclosure Division.  Mr. Chisholm promised that he would look into the status of the response and provide an update to the Brady Center.

22.     On August 18, 2017, counsel for the Brady Center sent an email to Mr. Chisholm to inquire about the status of the White Paper Request.  In response, a colleague of Mr. Chisholm responded that Mr. Chisholm "is hoping to have a update for you by next week."

23.     On September 3, 2017, counsel for the Brady Center sent another email to Mr. Chisholm to inquire about the status of the White Paper Request.  Mr. Chisholm did not respond to this email.

24.     On September 18, 2017, counsel for the Brady Center sent another email to Mr. Chisholm to inquire about the status of the White Paper Request.  Mr. Chisholm did not respond to this email.

25.     On October 3, 2017, counsel for the Brady Center sent an email to the ATF requesting an update on the status of the ATF's response to the White Paper Request.  ATF did not respond to this email.

26.     Pursuant to FOIA, within 20 business days of receipt of Plaintiff's request – that is, no later than April 26, 2017 – ATF was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," and, in the case of an adverse determination, to notify Plaintiff of its appeal rights. 5 U.S.C. §552(a)(6)(A)(i).

27.     To date, the Brady Center has received no further response from ATF related to the White Paper Request.

28.     ATF has not made a final determination on the White Paper Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

**B.     AUGUST 7, 2017 FOIA REQUEST ("WARNING LETTER REQUEST")**

29.     As part of its mission, the Brady Center seeks to hold accountable gun dealers and others in the industry whose reckless and irresponsible practices worsen the problem of gun violence in America.  Data shows that about 90% of crime guns come from about 5% of gun dealers.  The Brady Center is continually looking to identify these "bad apple" gun dealers to help guide its advocacy and industry reform efforts, which include informing the public about practices endangering their communities.  One way to do that is to review information about which gun dealers, or federal firearms licensees, have been subject to warnings or license revocations by the ATF because of their violations of federal firearms laws.

30.     Accordingly, on August 7, 2017, the Brady Center submitted a FOIA request ("the Warning Letter Request") to ATF seeking two discrete categories of requested records:

(1) All warning letters, warning conference notices, and the underlying reports of violations and firearms inspection narrative reports, issued to federal firearms licensees from July 1, 2015 through June 30, 2017;

(2) All notices of revocation of license and the accompanying ATF Form 4500s issued to federal firearms licensees from July 1, 2015 through June 30, 2017.

31.     The Warning Letter Request also included a fee waiver request.

32.     A true and correct copy of the Warning Letter Request is attached as Exhibit B.

33.     On September 6, 2017, counsel for the Brady Center called the ATF FOIA Public Liaisons (as instructed in the April 27, 2017 acknowledgement letter relating to the White Paper Request) and left a voicemail message requesting an update on the status of the ATF's response to the Warning Letter Request.  The ATF did not respond.

34.     On September 21, 2017, the ATF acknowledged receiving the Warning Letter Request on August 7, 2017 and assigned it request number 2017-1120.  In the same letter, the ATF granted the Brady Center's fee waiver request.  It also stated that "[i]f you have any questions or wish to discuss any aspect of your request, you may contact our FOIA Public Liaisons, Darryl Webb or Johnny Rosner, at (202) 648-7390."

35.     Pursuant to FOIA, within 20 business days of receipt of Plaintiff's request – that is, no later than September 5, 2017 – ATF was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," and, in the case of an adverse determination, Plaintiff's appeal rights. 5 U.S.C. § 552(a)(6)(A)(i).

36.     To date, the Brady Center has received no further response from ATF related to the Warning Letter Request.

37. ATF has not made a determination on the Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

## COUNT I - FAILURE TO COMPLY WITH FOIA

38. The Brady Center incorporates each of the foregoing paragraphs of this Complaint.

39. Pursuant to FOIA, 5 U.S.C. § 552(a), the Brady Center has a statutory right to access requested agency records.

40. ATF has failed to comply with the time limits prescribed by FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i).

41. ATF has failed to conduct a reasonable search for records responsive to the requests.

42. ATF has failed to properly respond to the Brady Center's record requests, as required by 5 U.S.C. §§ 552(a)(6)(A)(i).

## PRAYER FOR RELIEF

WHEREFORE, the Brady Center to Prevent Gun Violence respectfully requests that this Court enter a judgment for Plaintiff and award the following relief:

a. Order Defendants, by a date certain, to conduct a search that is reasonably likely to lead to the discovery of any and all records responsive to Plaintiff's request;

b. Order Defendants, by a date certain, to demonstrate that it has conducted an adequate search;

c. Order Defendants, by a date certain, to produce to Plaintiff any and all non-exempt records or portions of records responsive to Plaintiff's request, as well as a *Vaughn* index of any records or portions of records withheld due to a claim of exemption;

d.  Enjoin Defendants from withholding the requested records;

e.  Award Plaintiff its costs and attorney's fees reasonably incurred in this action,

pursuant to 5 U.S.C. § 552(a)(4)(E); and

f.  Grant Plaintiff such other and further relief as the Court may deem just and

proper.

October 16, 2017                                        Respectfully submitted,

*/s/ Kevin T. Barnett*
Kevin T. Barnett (D.C. Bar No. 1003410)
Nooree Lee (D.C. Bar No. 1001687)
Covington & Burling LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
(202) 662-5430
kbarnett@cov.com

Jonathan E. Lowy (D.C. Bar No. 418654)
Brady Center to Prevent Gun Violence
840 First Street NE Suite 400
Washington, DC 20002
(202) 370-8104
jlowy@bradymail.org

ATTORNEYS FOR PLAINTIFF

OF COUNSEL:
Alan Pemberton (D.C. Bar No. 367108)
Covington & Burling LLP
850 Tenth Street NW
Washington, DC 20001
(202) 662-5642   apemberton@cov.com

Mariel Goetz (D.C. Bar No. 991079)
Brady Center to Prevent Gun Violence
840 First Street NE Suite 400
Washington, DC 20002
(202) 370-8106   mgoetz@bradymail.org