# EXHIBIT B

# COVINGTON

BEIJING   BRUSSELS   DUBAI   JOHANNESBURG   LONDON
LOS ANGELES   NEW YORK   SAN FRANCISCO   SEOUL
SHANGHAI   SILICON VALLEY   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC  20001-4956
T  +1 202 662 6000

**Via Email**                                                            August 7, 2017

Bureau of Alcohol, Tobacco, Firearms and Explosives
ATTN: Disclosure Division, Room 1E400
99 New York Avenue, NE
Washington, DC 20226
foiamail@atf.gov

## Re:  FREEDOM OF INFORMATION ACT REQUEST

Dear Sir or Madam:

On behalf of my client, the Brady Center to Prevent Gun Violence (the "Brady Center") and pursuant to the provisions of the Freedom of Information Act ("FOIA") 5 U.S.C. § 552 *et seq.*, as amended, and the applicable Bureau of Alcohol, Tobacco, and Firearms ("ATF") FOIA regulations, 31 C.F.R. Part 1 & Appendix E, I request copies of the following records:

1.    All warning letters, warning conference notices, and the underlying reports of violations and firearms inspection narrative reports, issued to federal firearms licensees from July 1, 2015 through June 30, 2017.

2.    All notices of revocation of license and the accompanying ATF Form 4500s issued to federal firearms licensees from July 1, 2015 through June 30, 2017.

Responsive documents are requested to be produced in their entirety, including all attachments, enclosures, and exhibits.  In the event that it is determined that a document contains material or information which falls within statutory exemptions to mandatory disclosure, it is requested that such material or information be reviewed for possible discretionary disclosure, consistent with the presumption of openness codified in the Freedom of Information Act Improvement Act of 2016.  Pub. L. 114-185.  See also Presidential Memorandum for Heads of Executive Departments and Agencies Concerning the Freedom of Information Act, 74 Fed. Reg. 4683 (Jan. 21, 2009).  Similarly, in the event that it is determined that a document contains material or information which falls within the statutory exemptions to mandatory disclosure, it is expressly requested that, in accordance with the provisions of 5 U.S.C. § 552(b), any and all reasonably segregable portions of such document be produced.  To the extent that you determine that any subject document will not be disclosed, you are requested to identify such documents in accordance with the requirements of Vaughn v. Rosen, 523 F.2d 1136 (D.C. Cir. 1975).

While the burden is on the government to provide a determination within 20 working days, we are willing to discuss and agree upon the means and sequence of production to

DC: 6490351-1

**COVINGTON**

Bureau of Alcohol, Tobacco, Firearms and Explosives
August 7, 2017
Page 2

facilitate government compliance with the law.  It is further requested that, to the extent possible, documents in logical groupings, determined to be disclosable, be provided in accordance with this request on an incremental basis as soon as they become available.  To the extent you have any questions after reviewing our request, do not hesitate to contact undersigned counsel.

## FEE WAIVER REQUEST

Pursuant to 31 C.F.R. § 1.7(d), the Brady Center to Prevent Gun Violence requests a fee waiver.  "Fees *shall* be waived or reduced by this official when it is determined, based upon the submission of the requester, that a waiver or reduction of the fees is in the public interest because furnishing the information is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 31 C.F.R. § 1.7(d)(1) (emphasis added).  Thus, the ATF must waive or reduce the Brady Center's fees because it has no commercial interest in the requested information and, instead, requests this information to educate the public at large regarding the ATF's operations and activities to share information about guns used in criminal activity with other organizations throughout the country. *See id.*

The Brady Center is a 501(c)(3) non-profit corporation dedicated to creating a safer America by cutting gun deaths in half by 2025.  Its innovative and exciting strategy centers on the idea of keeping guns out of the wrong hands through three impact-driven, broadly engaging campaigns: (1) a policy focus to "Finish the Job" so that life-saving Brady background checks are applied to all gun sales; (2) to "Stop 'Bad Apple' Gun Dealers" – the 5 percent of gun dealers that supply 90 percent of all crime guns; and (3) to lead a new national conversation and change social norms around the real dangers of guns in the home, to prevent the homicides, suicides, and unintentional shootings that happen every day as a result.  The requested information will be used to educate the public and further these goals.

If the request is denied, This firm and the undersigned will be responsible for the reasonable cost of locating and reproducing the requested documents to the extent required by your regulations and not otherwise waived.  If such cost will exceed $250, please contact us before incurring such cost.

Please direct all correspondence related to this request to:

Kevin Barnett
Covington & Burling LLP
One CityCenter
850 Tenth Street NW
Washington, D.C. 20001
kbarnett@cov.com
202-662-5430

**COVINGTON**

Bureau of Alcohol, Tobacco, Firearms and Explosives
August 7, 2017
Page 3


      We appreciate your prompt consideration of this request.  If you have any questions concerning this request, or if I can be of any assistance in expediting this request, please feel free to contact me at (202) 370-8105.

Respectfully submitted,

Kevin T. Barnett


cc:     M. Goetz, Brady Center to Prevent Gun Violence