# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THE BRADY CENTER TO PREVENT GUN
VIOLENCE,

           Plaintiff

vs.

U.S. DEPARTMENT OF JUSTICE

and

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES,

           Defendants.

Case No.  1:17-cv-02130 (RDM)

## JOINT STATUS REPORT

Pursuant to the Court's January 31, 2018 Order, Plaintiff The Brady Center to Prevent

Gun Violence ("Plaintiff") and Defendants the Department of Justice ("DOJ") and Bureau of

Alcohol, Tobacco, Firearms and Explosives ("ATF") (collectively the "Defendants") submit

their respective positions in this joint status report to apprise the Court of the status of

Defendants' response to the two Freedom of Information Act Requests at issue in this litigation,

referred to in the Complaint as the "Warning Letter FOIA" and the "White Paper FOIA."

Since the last status report, the Defendants have made two document productions

pursuant to the Court's prior orders.  On January 30, 2018, the ATF released 334 pages

responsive to the Warning Letter FOIA.  On February 9, 2018, the ATF released 1134 pages

responsive to the White Paper FOIA.  In addition, the Defendants have represented that ATF will

make an additional partial production of documents responsive to the Warning Letter FOIA on

March 9, 2018.

## I.      PLAINTIFF'S POSITION

The ATF's attempt to comply with its obligations in this matter at best can be described as sluggish cooperation.  The Brady Center submitted the FOIA Requests at issue on March 29, 2017 and August 7, 2017, respectively.  Since that time, the ATF has responded with continuing delays, a strategy that continues today.  As detailed below, the Agency has developed a pattern of waiting until the last minute and then providing partial information or a subset of responsive records.

The ATF cites its lack of resources in the Disclosure Division and heavy FOIA litigation workload as an excuse for its response time.  However, the ATF never raised these issues to the Brady Center during the months between the filing of the FOIA Requests at issue and the filing of the instant litigation.  In fact, the ATF did not respond to the Brady Center in any substantive manner about the Requests at issue, despite many inquiries in multiple formats.  Instead, the Brady Center was forced to seek the assistance of the Court in order to learn about the status of its requests.

But whatever the reasons behind the delays, the result is clear:  the ATF has successfully sequestered important documents and information about gun control policy and prevented that information from entering into the public debate about mounting gun violence.  This is unacceptable, particularly in a period that has seen three of the worst mass shootings in U.S. history and during which gun violence prevention and policy matters have been at the forefront of public discourse and politics.  Accordingly, we ask the Court to set the schedules, described below, to resolve this matter expeditiously.

### A.      WARNING LETTER FOIA

On August 7, 2017, the Brady Center submitted the Warning Letter FOIA requesting records related to investigations of federal firearms dealers for violations of federal firearm regulations.  In the intervening six months, ATF has made a single partial production with a promise to make an additional partial production on March 9, 2018.  The Brady Center has been inquiring about a proposed rolling production schedule dating back to the December 21, 2017 status conference.  Yet, the Defendants did not provide its proposed schedule for undetermined monthly productions until February, 28, 2018 at 3:57p.m. The ATF now explains that this schedule is necessary because ATF's chosen filing system to track and store Reports of Violation, Warning Conference letters, and Notices of Revocation is burdensome to use.  The Brady Center cannot accept such an unbounded schedule.

In order to facilitate the timely production of all remaining responsive records, the Brady Center requests that the Court order the ATF to (a) make a substantial production of records by March 9, 2018; (b) complete all productions of documents responsive to the Warning Letter FOIA by April 16, 2018; (c) provide search declaration(s) and a *Vaughn* index for its Warning Letter FOIA response by April 16, 2018; and (d) submit a Joint Status Report in consultation with the Plaintiffs on the last business day of each month to apprise the Court of the Defendants efforts to comply with its FOIA obligations.

### B.    WHITE PAPER FOIA

On March 29, 2017, the Brady Center submitted the White Paper FOIA requesting records related to a document drafted by Associate Deputy Director Ronald Turk titled "Federal Firearms Regulations: Options to Reduce or Modify Firearms Regulations," which was dated January 20, 2018.  This white paper or policy memorandum raised potential policy changes at ATF and appeared to be heavily influenced by the gun lobby.  The following month, April 2017,

the position paper was the subject of Congressional testimony and a Congressional subpoena. ATF collected documents related to the white paper for the Congressional inquiry, but did not produce those same documents to the Brady Center until after ordered to do so by the Court.

The released documents confirmed the Brady Center's suspicions:  the White Paper was drafted with the assistance of a prominent gun industry lobbyist, and revealed other information important to ongoing public debate about regulation of the gun industry.  The Brady Center was promptly able to use these released documents to educate the public and further its advocacy for sensible gun violence prevention policies and regulation.  Their release was also the subject of national news coverage[1] and led another gun violence prevention group to call for the resignation of the senior ATF official behind the white paper.[2].  Because of the ATF's delay, all of these developments played out nearly a year after the controversial white paper first became public.

The released documents also suggest that the Agency made overbroad redactions and conducted an inadequate search, as they include only a limited date range and small number of emails. Dating back to the December 21, 2017 status conference, the Brady Center has raised questions about the scope of the ATF's searches for responsive records.  In response to these repeated inquiries, the ATF has responded it searched the emails of 13 named custodians and the author to self-collect other responsive documents from his work and personal email.

---

[1]   *See, e.g.,* Exclusive: Gun Lobbyist Helped Write ATF Official's Proposal to Deregulate, CNN (Feb. 14, 2018), available at https://www.cnn.com/2018/02/13/us/gun-industry-atf-deregulation-white-paper-brady-center-documents-invs/index.html; *see also* Brady Center to Prevent Gun Violence, *ATF: Working for the American People, or the Gun Industry?*, available at http://www.bradycampaign.org/sites/default/files/ATF-working-for-the-American-people-or-the-gun-industry.pdf.

[2] *See* Everytown Calls For ATF Official to Resign in Response to Breaking CNN Report Uncovering That an NRA Lobbyist Helped Write ATF White Paper Calling For Agency to Weaken Regulations on Silencer Sales and Gun Dealers (Feb. 14, 2018), available at https://momsdemandaction.org/everytown-calls-for-atf-official-to-resign-in-response-to-breaking-cnn-report-uncovering-that-an-nra-lobbyist-helped-write-atf-white-paper-calling-for-agency-to-weaken-regulations-on-silencer-sales-an/.

On February 28, 2018 at 2:23 p.m., the Defendants provided additional answers about its search parameters and responded to questions about the scope of redactions in the White Paper FOIA.  Such delay is typical.  By waiting until the last possible minute to exchange information, the Defendants can successfully delay the process while ostensibly cooperating.  Although the Defendants offered compromise positions on some redaction issues, including an agreement to reprocess portions of 168 pages[3] previously withheld as "out of scope," the Brady Center fears that the slow pace of communication between the parties will result in more delays.

In order to facilitate the timely resolution of the parties' remaining White Paper FOIA issues, the Brady Center requests that, consistent with the deadlines agreed to by the parties, the Court order the ATF to (a) produce the 168 pages of records previously withheld as "out of scope" by March 12, 2018; and (b) provide search declarations and a *Vaughn* index for its entire White Paper FOIA response by March 16, 2018.  In the event this does not resolve the remaining disputes between the parties related to the White Paper FOIA, the parties will propose a schedule for dispositive briefing in their next joint status report.

## II.    DEFENDANTS' POSITION

While Defendant appreciates Plaintiff's frustration, the characterization of Defendant purposefully delaying responses as an apparent strategy is unfounded. Rather, the delay in which information is being disclosed and communicated is the result of a confluence of issues currently affecting Defendant.

---

[3] ATF agreed to the re-process with any applicable FOIA Exemptions to following pages from its Feb. 9, 2018 production previously withheld as "out of scope": pp. 344; 346; 347; 357; 387; 391; 398; 399-100; 402; 406; 410; 414-15; 417; 421; 428-29; 433; 434-35; 440; 446; 447; 448; 449; 450; 451; 454-5; 458; 459-60; 684; 689; 690; 694; 720; 792-94; 797-99; 801-03; 806-08; 812-20; 822-33; 835-45; 847-57; 859-69; 871-72; 874-75; 876-77; 881; 884-85; 890-93; 898-901; 904-08; 910-13; 916-20; 696-89; and 1085-87.

By way of background, ATF's Disclosure Division is charged with the intake and response of all FOIA and Privacy Act requests. At full staff, the Division would have ten individuals who process such requests; four would handle those cases which involve more complex processing such as the case at hand. Since July 2017, ATF has lost both its Disclosure Division Chief and another senior processor. In addition, at the time of their departure, the Division was already shorthanded one senior specialist. Currently, ATF has two senior specialists who can process complex cases, one of whom is handling all of the processing in this matter. At the same time, he is also serving as the Acting Chief for the Disclosure Division. Among the Acting Chief's responsibilities is  managing responses to all incoming FOIA/PA requests, serving as ATF's Senior Component Official for Privacy, assisting the ATF Executive Staff on all issues related to disclosure, coordinating media inquiries with ATF's Public Affairs Division, and reviewing all Congressional responses to both members and committees. In the last month alone, the Acting Chief has also battled through influenza.  Nevertheless, he still managed 327 hours of work.

ATF is currently involved with roughly twenty FOIAs in various stages of litigation. In addition to the case at hand, two of these other litigations are complex in nature and are also being managed by the Acting Disclosure Chief.   *Giffords Law Center to Prevent Gun Violence v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, D.D.C. Docket No. 17-cv-02363 (RC) and *The New York Times Company and Matt Apuzzo v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, S.D. NY Docket No. 17-cv-2144 (AJN). The *Giffords* case was filed on November 9, 2017 and the *New York Times* on March 21, 2017.

After a search was conducted in the *Giffords,* FOIA litigation ATF located over 200,000 pages of potentially responsive material. In that case, the Plaintiff is currently working with ATF

to limit the burden of processing such an extraordinary amount of documents and have agreed to a monthly production schedule of at least 750 pages. Noteworthy is the *Giffords* case involves production of similar documents to the instant case.

The Acting Chief is also charged with the response in the *New York Times* FOIA litigation. In that case, the *New York Times* had been working with ATF since April 2017 in limiting the scope of their request as one item in their request alone resulted in over 34,000 pages of potentially responsive material. This past week, ATF released roughly 2,200 pages to the *New York Times*. However, additional potentially responsive data sets are still being processed. Currently, the Acting Chief is reviewing at least 22,000 pages of material for a scheduled release in early Spring 2018.

The other Disclosure Division specialist who is charged with processing complex requests handles qualifying incoming requests which are not currently in litigation. This includes processing other ongoing Brady Center FOIA requests in which the specialist has a good working relationship with Brady Center representative Jonathan Lowy. Indeed, ATF is in the final stages of providing Mr. Lowy with a production within the next week. Mr. Lowy has been extremely patient and understanding as Defendant processes documents responsive to Plaintiff organizations various requests.

At the end of FY17 the Disclosure Division had 1,452 pending FOIA requests which carried over, and since the beginning of FY18 ATF has received an additional 581 requests. Most of these requests are not complex in nature and are handled as routine by the five other specialists in the Disclosure Division. ATF is in the process of hiring three employees (ATF is awaiting a background completion check for one employee and will soon be scheduling interviews for the two other positions) that will primarily work on complex processing.

Based on all of the above, it is clear that this is hardly "strategic delay" as characterized by the Plaintiff but rather the result of an office which is making a good faith attempt to meet Plaintiff's needs under extraordinary circumstances. ATF's compromises and offers on various issues are being done in a bona-fide effort to assist Plaintiff in getting the fullest extent of information to which they are entitled. However, for the reasons described herein, the schedule sought by Plaintiff is untenable.

### A.    WARNING LETTER FOIA

After extensive research, defendant has identified roughly 600 inspections where there was a Warning Conference or Revocation/Denial of Renewal for the time frame requested by Plaintiff.  Unlike the searches performed in Plaintiff's White paper FOIA, the *Giffords* litigation, or *New York Times* litigation these documents are not as easily accessible. In those cases the Disclosure Division could rely upon individuals to perform a search for responsive documents while at the same time leveraging ATF's cloud to search for responsive emails.  In this case each inspection has to be queried individually in one of ATF's databases, NSPECT, and each Report of Violation downloaded and saved.  Furthermore, copies of the Warning Conference letters, Notices of Revocation are not located in NSPECT.  These documents are located at the Firearms Licensing Center in West Virginia and each inspection has to be retrieved individually and sent to the Disclosure Division at HQ in Washington, D.C.  As a result the Disclosure Division is not receiving all the records at once but getting them piecemeal.

As such, ATF asks that the Court order the following (a) Defendant will make a substantial production of records (at least 500 pages) by or on March 9, 2018; (b) Defendant will continue to make monthly substantial productions (at least 500 pages) on or by the 9th of each month until all records have been produced, and (c) thirty days after the final production

Defendant will provide, if requested by Plaintiff, any necessary search declaration(s) and a Vaughn index.

**B.    WHITE PAPER FOIA**

In regard, to the re-processing portions of the 168 pages which were previously identified as outside-the-scope in the White Paper release, Defendant is asking the Court to order (a) a release date of March 12th and (b) provide a Declaration regarding the search along with a *Vaughn* index for its White Paper FOIA response by March 16, 2018.


March 2, 2018

/s/ Kevin T. Barnett                               JESSIE K. LIU,
Kevin T. Barnett (D.C. Bar No. 1003410)            D.C. BAR # 472845
Alan Pemberton (D.C. Bar No. 367108)               United States Attorney
Nooree Lee (D.C. Bar No. 1001687)                  for the District of Columbia
Covington & Burling LLP
One CityCenter                                     DANIEL F. VAN HORN
850 Tenth Street NW                                D.C. BAR # 924092
Washington, DC 20001                               Chief, Civil Division
(202) 662-5430
kbarnett@cov.com                                   */s/ Marina Utgoff Braswell*
                                                   MARINA UTGOFF BRASWELL
Jonathan E. Lowy (D.C. Bar No. 418654)             D.C. Bar # 416587
Mariel Goetz (D.C. Bar No. 991079)                 Assistant United States Attorney
Brady Center to Prevent Gun Violence               United States Attorney's Office
840 First Street NE Suite 400                      555 4th Street, N.W. – Civil Division
Washington, DC 20002                               Washington, D.C. 20530
(202) 370-8106                                     (202) 252-2561
mgoetz@bradymail.org                               Marina.Braswell@usdoj.gov
*Attorneys for Plaintiff*                          *Attorneys for Defendant*