UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BRADY CENTER TO PREVENT GUN VIOLENCE, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, et al. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 17-2130 (RDM) |

# DECLARATION OF SOPHIA Y. KIL

I, Sophia Y. Kil, declare and say:

1. I am the Acting Chief of the Disclosure Division, Office of Public and Governmental Affairs, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), U.S. Department of Justice ("DOJ"). In this capacity, I oversee the processing of requests made of ATF under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974 (PA), 5 U.S.C. § 552a. The Disclosure Division is responsible for receiving, processing, and responding to FOIA and PA requests directed to ATF. The Disclosure Division is also responsible for handling FOIA and PA referrals and consultations from other agencies.

2. Due to the nature of my official duties, I am familiar with the procedures followed by ATF in responding to requests for information pursuant to the FOIA and PA. Specifically, I am aware of the procedures followed by ATF in responding to the FOIA request made by Mr. Kevin Barnett on behalf of the Brady Center to Prevent Gun Violence. I declare that the

statements made in this declaration are based upon my review of the official files and records of ATF and information acquired by me through the performance of my official duties.

**CHRONOLOGY OF WHITE PAPER FOIA REQUEST**

3.  On March 29, 2017, the Disclosure Division received a FOIA request from Mr. Barnett made on behalf of Plaintiff for four categories of items relating to a White Paper titled "Federal Firearm Regulations - Options to Reduce or Modify Firearms Regulations" dated January 20, 2017 ("White Paper"). See Exhibit A, letter dated March 29, 2017.

4.  By letter dated April 27, 2017, the Disclosure Division acknowledged receipt of the March 29, 2017 request. See Exhibit B, ATF response letter dated April 27, 2017.

5.  Plaintiff filed the present civil case on October 16, 2017.  See Exhibit C, Docket Sheet, *Brady Center to Prevent Gun Violence v. U.S. Department of Justice, et al.*, 1:17-cv-02130 (D.D.C.).

6.  On February 9, 2018, the Disclosure Division released 1,134 pages of material located during the search for the four categories of items relating to the White Paper. See Exhibit D, transmittal letter dated February 9, 2018.

7.  On March 12, 2018, and through joint agreement with Plaintiff and a Court Order dated March 2, 2018, ATF agreed to re-process certain pages previously deemed as outside the scope of the White Paper request.  On March 12, 2018, the Disclosure Division released 159 re-processed pages to Plaintiff. See Exhibit E, transmittal email dated March 12, 2018.

8.  On March 16, 2018, and through joint agreement with Plaintiff and a Court Order dated March 2, 2018, ATF provided Plaintiff with a Declaration detailing how the White Paper search was conducted along with a *Vaughn* index for the 1,134 pages released to Plaintiff. See

Exhibit F, Declaration of Peter Chisholm dated March 16, 2018, and Exhibit G, *Vaughn* index dated March 16, 2018.

9. Also on March 16, 2018, ATF re-released 5 pages of documents to Plaintiff. During the preparation of the *Vaughn* index, 5 pages were identified which either noted an incorrect exemption or it was determined that additional material could be released. See Exhibit H, email dated March 16, 2018.

10. By letter dated May 23, 2018, the Disclosure Division released a 6-page document previously unreleased to Plaintiff. See Exhibit I, transmittal letter dated May 23, 2018.

11. In addition to the White Paper FOIA request, Plaintiff has also included in this litigation a separate FOIA request dated August 7, 2017, for various documents pertaining to the regulatory oversight of Federal firearms licensees ("The Warning Letter Request"). See Exhibit J, letter dated August 7, 2017. The processing of the Warning Letter Request is on-going and ATF is making monthly releases of nonexempt responsive information. These records are very formulaic in that the same items are addressed with the same redactions from one document to the next. As the White Paper document release included documents of the same nature, this Declaration addresses the applicability of FOIA Exemption (b)(3) to the Warning Letter Request.

## ATF'S LAW ENFORCEMENT AND REGULATORY MISSION

12. ATF is a criminal and regulatory enforcement agency and has been a component of the DOJ since 2003. Prior to 2003, ATF and its predecessor bureaus functioned within the U.S. Department of the Treasury (except for a brief period during the Prohibition era). The Homeland Security Act of 2002 (Pub. L. No. 107–296, 116 Stat. 2135 (2002)) split the missions and functions of ATF into two agencies: the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and the Alcohol and Tobacco Tax and Trade Bureau ("TTB"). Under that

Act, the ATF's functions and responsibilities were transferred to the DOJ, and TTB's functions and responsibilities remained with the U.S. Department of the Treasury.

13. ATF is the federal agency responsible for, among other things, enforcing Federal firearms laws including the Gun Control Act of 1968 ("GCA"), 18 U.S.C. §§ 921-930 (2000) (originally enacted as Act of Oct. 22, 1968, Pub. L. No. 90-618, § 1, 82 Stat. 1213). The GCA established a licensing system for persons engaged in manufacturing, importing, dealing, and collecting firearms. ATF enforces the licensing provisions of the GCA, which, among other things, regulates the interstate movement of firearms.

## FOIA EXEMPTIONS

### FOIA EXEMPTION (b)(3)
### DISCLOSURE PROHIBITED BY STATUTE

14. The Disclosure Division withheld portions of Firearms Inspection Reports pursuant to Exemption (b)(3) because the Consolidated and Further Continuing Appropriations Act, 2012, P.L. 112-55, November 18, 2011, 125 Stat. 552, is a withholding statute under the exemption.

15. Exemption (b)(3) of the FOIA permits the withholding of information prohibited from disclosure by another statute only if one of two disjunctive requirements are met: the statute either (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld. A statute thus falls within the exemption's coverage if it satisfies any one of its disjunctive requirements. Responsive information to Plaintiff's FOIA request contained material subject to the Consolidated and Further Continuing Appropriations Act, 2012, P.L. 112-55, November 18, 2011, 125 Stat. 552,which squarely falls within Subpart (A) of FOIA Exemption (b)(3).

<u>P.L. 112-55, 125 Stat. 552</u>

16.      Public Law 112-55, 125 Stat. 552, reads in pertinent part:

> That, during the current fiscal year and in each fiscal year thereafter, no funds appropriated under this or any other Act may be used to disclose part or all of the contents of the Firearms Trace System database maintained by the National Trace Center of the Bureau of Alcohol, Tobacco, Firearms and Explosives *or any information required to be kept by licensees pursuant to section 923(g) of title 18, United States Code, or required to be reported pursuant to paragraphs (3) and (7) of such section,* except to: (1) a Federal, State, local, or tribal law enforcement agency, or a Federal, State, or local prosecutor; or (2) a foreign law enforcement agency solely in connection with or for use in a criminal investigation or prosecution; or (3) a Federal agency for a national security or intelligence purpose; unless such disclosure of such data to any of the entities described in (1), (2) or (3) of this proviso would compromise the identity of any undercover law enforcement officer or confidential informant, or interfere with any case under investigation; and no person or entity described in (1), (2) or (3) shall knowingly and publicly disclose such data; and all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court or in an administrative proceeding other than a proceeding commenced by the Bureau of Alcohol, Tobacco, Firearms and Explosives to enforce the provisions of chapter 44 of such title, or a review of such an action or proceeding ….

Pub. L. 112-55, 125 Stat. 552 (emphasis added).  This language is still in effect.

17.      The DOJ has statutory responsibility to enforce Federal firearms laws. *See* 28 U.S.C. § 599A. These responsibilities were delegated to ATF through 28 C.F.R. Subpart W. The GCA established a licensing system for persons engaged in the business of manufacturing, importing, or dealing in firearms. The Attorney General has delegated ATF the sole federal agency authorized to implement the GCA which ATF has done with regulations found at 28 C.F.R. § 0.131.  Federal laws and regulations governing the manufacture, importation and distribution of firearms and ammunition require a person to obtain a Federal license to engage in various firearms businesses (manufacturers, importers, and dealers). Federal firearms licensees (FFLs) play a key role in safeguarding the public from violent crime by maintaining accurate

5

records, instituting internal controls, and performing background checks on potential firearms purchasers. ATF is responsible for not only licensing persons engaging in a firearm business but also for conducting inspections to ensure that licensees are in compliance with all applicable regulations. During an inspection, an FFL is obligated to make available a number of documents which they are required to maintain pursuant to 18 U.S.C. § 923(g) and its implementing regulations. The records required to be maintained by an FFL include:

- ATF Form 4473, Firearms Transaction Record,
- Acquisition and Disposition Log Books,
- Multiple Sales Reports,
- ATF Form 3310.11, FFL Theft & Stolen Firearms Records,
- ATF Form 5300.35, Brady Forms,
- Law enforcement certification letters,
- Record of approved variances, and
- ATF Forms 6 and 6a (importation) and supporting documentation.

18.     The information withheld pursuant to Exemption (b)(3) are portions of Firearms Inspection Reports derived directly from "***information required to be kept by licensees pursuant to section 923(g) of title 18.***" Pub. L. 112-55, 125 Stat. 552 (emphasis added).

19.     Included on the Firearms Inspection Reports are the ATF Industry Operations Investigator (IOI) findings based on the information required to be kept by an FFL and reviewed during the regulatory inspection process. This includes the number of firearms documented on the records required to be maintained by the FFL, and specifics about the disposition of a firearm (to include names and other identifiers of an individual or firearm) taken directly from the

underlying records. In light of the Congressional disclosure restriction, ATF has attempted to provide as much transparency as possible in regards to the regulation of FFLs.  In this regard ATF determined a number of years ago that to be in compliance with the restriction the Disclosure Division had three options in regards to the public disclosure of Firearm Inspection Reports. i.) Anything regarding the underlying firearm records could be redacted to include the specific violations. Clearly this option would provide no transparency to the public and it was not implemented. ii.) The Disclosure Division could redact just the associated violations, but the numbers of times a violation occurred could be released. This information would be rather useless as a requestor would receive a list of numbers but the associated violation would be unknown. iii.) The violations listed on a Firearm Inspection Report could be released but the associated number of times each violation occurred would be redacted. This option struck the greatest balance as it allowed the public to learn what violations had occurred during an inspection but protected the information gleaned directly from the required records, namely how many times a violation had occurred. Plaintiff has received Firearms Inspection Reports under the FOIA in this manner for many years.

20. The Firearms Inspection Reports include the results of a query from the Firearms Trace System database, which is also specifically prohibited under the Congressional restriction.

## FOIA EXEMPTION (b)(4)
## TRADE SECRETS AND COMMERCIAL OR FINANCIAL INFORMATION

21. Exemption (b)(4) of the FOIA protects information that is commercial or financial, and obtained from a person, which is privileged or confidential, from public disclosure. In this instance small portions of the Firearms Inspection Reports were withheld pursuant to Exemption (b)(4).

22. During an FFL inspection, an ATF IOI is privy to documents regarding the

7

acquisition and disposition of firearms held by an FFL. Through the review of the required documents and interviews with the FFL, an IOI is sometimes voluntarily provided with information about the underlying business which may be outside the scope of the mandatory regulatory requirements. Depending on the business this could include, but is not limited to, financial agreements with various firearm distributors, the volume of sales, leasing contracts, and other commercial information. This information in not otherwise known to the public and the sole reason ATF has been provided the information is because of the information being offered to an IOI during the regulatory oversight process.

23.     In this instance, limited information was redacted under Exemption (b)(4) regarding the specifics of two FFLs inventory and sales, distributor supply sources, and financial sales data.  A release of this information would cause the regulated industry member with competitive harm if released, and is not ordinarily released to the public.

FOIA EXEMPTION (b)(5)<br>
<u>DELIBERATIVE PROCESS & ATTORNEY WORK-PRODUCT</u>

24.     Exemption (b)(5) of the FOIA exempts from compulsory disclosure inter-agency or intra-agency documents and other memoranda that would not be available by law to a party other than an agency in litigation with the agency.  Principally, there are three types of privileged information protected by this exemption: attorney work product, deliberative process, and attorney-client. ATF has asserted this exemption to protect information pursuant to both the deliberative process and the attorney work product.

25.     In this case, ATF has withheld in part the following information under the deliberative process privilege: (1)  internal spreadsheets drafted to identify potential issues that could be raised during the Deputy Attorney General Confirmation Hearing; (2)  a draft example on how to craft a briefing paper; (3)  an update on how an Inspector General inquiry potentially

would be handled; (4) draft bullet point responses developed for a press interview; (5) draft notes prepared for a Congressional hearing; (6) a proposed course of action on how to respond to a Congressional inquiry; (7) draft responses to a Congressional inquiry; and (8) draft comments on a non-final version of the White Paper. The withholding of these various documents in draft form, qualifies as pre-decisional.

26. Portions of the these documents were withheld pursuant to Exemption (b)(5) to protect the deliberative process privilege which applies to documents that are deliberative in nature and pre-decisional. These documents represent a specific point in the strategy process, in which the subject matter was actively being deliberated on within ATF. Hence, none of the withheld information represents a final decision. In all instances these records were solely shared internally for the purpose of allowing each participant the opportunity to provide comments and ideas on how a final product should be developed. Given that the documents were not the final product, they cannot represent the official position of the Agency, but rather are part of the process needed to reach a final Agency determination. In order to make fully informed decisions, ATF needs to be able to internally review and discuss proposed analysis and recommendations prior to making final Agency decisions. Any factual information contained within the redacted portions was so intertwined with the deliberative information it could not be reasonably segregated and released. This material is deliberative because it reflects the give-and-take of the consultative process and consists of opinions and recommendations. Information would not flow freely within an agency if such consultative information between ATF Headquarters personnel were open to public scrutiny. Disclosure of this material would chill future internal deliberations regarding how policy and Congressional interactions should progress.

27.     ATF has also withheld some limited material under the attorney work product prong of Exemption (b)(5), as it constitutes internal deliberations, opinions and recommendations among attorneys in ATF's Office of Chief Counsel relating to an ongoing litigation matter, armor piercing ammunition, and a commentary concerning the legal interpretation of a particular statute and regulation.  This information was exchanged solely between attorneys within the Office of Chief Counsel.

28.     The records or portions of records to which the attorney work product privilege was applied reflect such matters as internal legal interpretations as it related to a Congressional inquiry and opinions on a particular litigation.

FOIA EXEMPTION (b)(6)
<u>CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY</u>

29.     FOIA Exemption (b)(6) protects information about individuals located in personnel and medical files and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

30.     Exemption (b)(6) requires a balancing of the individual's right to personal privacy against the public's interest in shedding light on an agency's performance of its statutory duties. The requester's identity, purpose in making the request, and proposed use of the requested information have no bearing on this balancing test.

31.     Pursuant to Exemption (b)(6), the Disclosure Division withheld the names of federal law enforcement agents and employees as well as information by which those individuals could be identified. ATF FOIA practice is to release the names of employees holding certain positions within ATF. These would include the Director, Assistant Directors, Deputy Assistant Directors, Special Agents in Charge, and various other Chiefs who either hold publically forward facing positions or who have final decision-making authority. The Disclosure Division released

all such names to the Plaintiff. However, as they are still law enforcement personnel any direct contact information for these individuals (cell phones, direct lines, email addresses) were redacted so they would not be subject to potential harassment. General office numbers and addresses were released.

32.     The individuals whose identities have been protected, as set forth above, are not the requester.  Furthermore, Plaintiff presented no waivers that would permit release of any kind of third-party individuals' information.

33.     ATF asserted Exemption (b)(6) to protect the identities of ATF Special Agents and employees. In determining whether to identify ATF Special Agents and employees, ATF balanced the interest in disclosure against the individuals' privacy interest.  The identities of ATF Special Agents and personnel that appear in these records are protected because disclosure might seriously prejudice their effectiveness in conducting investigations to which they are assigned and subject them to embarrassment and unwarranted harassment in the conduct of their official duties and personal affairs.[1]

34.     Plaintiff did not assert any discernible public interest in this particular type of information.  ATF determined that the privacy interests of law enforcement personnel substantially outweigh any public interest, and that the names of law enforcement personnel would not be disclosed.  Additionally, revealing this information will not add to the public's understanding of how ATF works or how well it performs its duties.  On balance, the Disclosure Division determined that the substantial privacy interest protected by withholding this

---

[1] In an effort for transparency, while still balancing privacy concerns, ATF offered to provide, where it was not otherwise clear, the employee position and directorate to Plaintiff for those employees whose names and identifying information were redacted. Through the *Vaughn* index (Exhibit G), ATF provided such information.

11

information outweighs any minimal public interest that would be served by its release. Such a release would be "clearly unwarranted" as required by 5 U.S.C. § 552(b)(6).

35.     ATF also invoked Exemptions (b)(6) to protect the names and identifying information of non-law enforcement third parties and information relating to regulatory and criminal enforcement cases of non-law enforcement third parties. After balancing the public and private interests at stake, ATF determined that the above types of personal information contained within its files must be withheld because disclosure of the information could reasonably be expected to cause the third parties reputational harm, embarrassment, harassment, and possible reprisal, and would do little, if anything at all, to aid the public's understanding of ATF. This includes those individuals whose names were contained in firearm records required to be maintained by FFLs, individuals run against law enforcement databases (National Crime Information Center ("NCIC")) for potential violations of law, FFL employees who were not Responsible Persons[2] on the license, names, email addresses, and contact information of private citizens who contacted ATF.

## SEGREGABILITY

36.     ATF conducted a line by line review to ensure that all reasonably segregable information has been released to Plaintiff. All information withheld from Plaintiff was reviewed carefully to ensure that no additional non-exempt information could be released. The non-exempt information in documents withheld either in full or in part is so inextricably intertwined with the exempt information that any further separation of such non-exempt information beyond the separation that ATF has already done would produce only incomplete, fragmented, unintelligible

---

[2] Responsible Persons are those individuals whose names are associated with an FFL. These names are publicly available and were disclosed to Plaintiff.

12

sentences and phrases that are devoid of any meaning.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on August 3, 2018.

*Sophia Y. Kil*

Sophia Y. Kil
Acting Chief, Disclosure Division
Office of Public and Governmental Affairs
Bureau of Alcohol, Tobacco, Firearms and Explosives