UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE BRADY CENTER TO PREVENT GUN
VIOLENCE,

        Plaintiff

    v.

U.S. DEPARTMENT OF JUSTICE

    and

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES,

        Defendants.

Civil Action No. 17-2130 (RDM)
Consolidated with 18-2643 (RDM)

## JOINT STATUS REPORT

Plaintiff, the Brady Center to Prevent Gun Violence ("Brady Center") and Defendants United States Department of Justice and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") set forth the current status of this case.

In our last joint status report, we represented to the Court that the parties would provide a joint status report to update the Court on the status of Plaintiff's review of the sample *Vaughn* index and any supplemental productions and propose a briefing schedule for any necessary motions practice.  *See* ECF No. 40 (March 31, 2020).  On May 4, 2020, the parties filed a Joint Motion for Extension of Time, up to and including May 11, 2020, to file this joint status report. *See* ECF No. 41 (May 4, 2020).

As reported previously, on March 30 2020, the ATF provided the Brady Center with a *Vaughn* index for the 1,000-page representative sample agreed on by the parties, and it released 15 pages of records with some redactions removed.  *See* ECF No. 40 (March 31, 2020).  The Brady Center reviewed the sample *Vaughn* index and the accompanying supplemental production.  On

May 2, 2020, the Brady Center sent a letter to the ATF confirming the Brady Center's continued

disagreement over the scope of the Exemption 3 redactions and seeking agreement on several key

principles, in hopes of narrowing the scope of the briefing.  Although the parties were able to reach

some limited agreements, the parties still disagree on the full scope of the ATF's Exemption 3

redactions in the First Warning Letter productions.

**PLAINTIFF'S PROPOSED NEXT STEPS**

The Brady Center believes motions for summary judgment on the ATF's Representative

*Vaughn* index presents the most efficient path forward.  In its September 2019 Opinion, the Court

noted that based on the record before it, it could not rule on the Exemption 3 issues raised by the

parties.  *See* Opinion (ECF No. 33) at 28.  Instead, it stated "[i]nsofar as the parties cannot reach

agreement as to the scope of ATF's redactions under Exemption 3, the parties may renew their

motions after the ATF prepares a detailed Vaughn index or the equivalent, which, among other

things, explains whether and to what extent the purported disclosure of § 923(g) information is

inferential or direct, as well as which specific recordkeeping requirements preclude the release of

the redacted information."  *Id.*  at 28-29.  The Court's predicted impasse has come to pass.  And

now that the ATF has completed its detailed *Vaughn* index, the Brady Center proposes the

following briefing schedule:

| | |
|---|---|
| Def. Mot. for Summary Judgment | June 12, 2020 |
| Pl. Opp. and Cross-Mot. for Summary Judgment | July 13, 2020 |
| Def. Reply and Opp. to Cross-Motion | August 13, 2020 |
| Pl. Reply | September 14, 2020 |

When the Brady Center proposed this schedule to the Agency, it rejected the proposal out

of hand.  In doing so, it restated its prior arguments that briefing the Exemption 3 issues would be

inefficient.  To the contrary, because the legal issues underlying the ATF's Exemption 3 redactions are pervasive, it would be more efficient to resolve these issues based on a Representative sample rather than the full 16,000+ pages in the complete production.

The Court already rejected these same arguments about inefficiency, and they are even less persuasive now.  *See* Minute Order (June 25, 2018) (ordering the parties to file motions for summary judgment on appropriations rider issues).  The Court's September 2019 Opinion explicitly contemplated the parties renewing their arguments once the Agency had the chance to provide a better developed record.

The Agency also mischaracterizes the Brady Center's position on Exemption 3 issues that arise in future productions.  First, the two production sets remaining are the Narrative Reports, which should have been produced to the Brady Center years ago, except that the Agency overlook these records until recently.  The other production is for the consolidated case.  So the Agency should not be allowed to further delay resolution of the Brady Center's 2017 FOIA request for another "six months, a year, or later."  Second, the Brady Center is bound by the Court's determination of common Exemption 3 issues that appear in both the Representative *Vaughn* index and future productions—just as the Agency is bound by the Court's determination of common Exemption 3 issues that appear in the pages not included in the representative sample.  Indeed, the court's determination of the governing principles surrounding the proper application of Exemption 3 will permit the Agency to apply the proper redactions in the first instance, without having to repeat the work later.

Accordingly, consistent with the Court's prior opinion and for the same reasons it was appropriate to submit these Exemption 3 issues for summary judgment before, the Brady Center asks the Court to enter the above briefing schedule.

**DEFENDANTS' POSITION**

Defendants disagree with Plaintiff's characterization of the procedural history of this case. Though ATF provided a representative *Vaughn* index, Defendants do not believe that requesting that the Court and parties spend significant time and resources on briefing summary judgment as it relates to Exemption 3 is the most efficient way to litigate this case.

As Defendants noted in their response to Plaintiff, ATF is *still producing documents* and therefore has not completed all processing and application of Exemption 3. Plaintiff states above that the issues surrounding ATF's application of Exemption 3 are "pervasive" such that briefing should occur mid-production. But, when counsel for Defendants inquired as to whether Plaintiff would be waiving ATF's application of Exemption 3 to the *documents not yet produced*, counsel for Plaintiff indicated that Plaintiff would not agree to that proposition: "for the two sets of documents still being produced (the New Warning Letter production and the Narrative Reports), we would evaluate any withholding issues after those productions were complete." Intermittent briefing on the application of Exemption 3 is therefore inefficient if Plaintiff will repeatedly seek that this Court and Defendants spend considerable time briefing ATF's Exemption 3 withholdings.

This is true whether Plaintiff moves for summary judgment *again* in six months, a year, or after the agency has finished producing all documents regarding the Narrative Reports and Warning Letters. The Court addressed this issue in its September 28, 2019 Memorandum Opinion when it noted, "The ATF responds—not unfairly—that it was the Brady Center that asked the Court to address the applicability of the Tiahrt Rider before the ATF had completed its production because "'the[ ]redactions at issue are . . . repetitive and not fact specific,'" leaving the ATF "whipsaw[ed]" between the Brady Center's assurance that the issue was not fact dependent and was ripe for early decision and its demand for greater factual detail." ECF No. 33 at 20.

Plaintiff once again asks the Court to make the same determination, premised solely on Plaintiff's assertion that these issues are "pervasive."

Accordingly, Plaintiff requests that the parties to engage in piecemeal briefing on ATF's application of Exemption 3 while acknowledging that Plaintiff may seek a future determination on Exemption 3 withholdings after additional documents are produced. It should be noted that Plaintiff (again) notably fails to cite any authority in support of its argument that the government should be required to brief any FOIA exemptions while processing is still occurring. *See* ECF No. 13 at 6-9.

Should the Court believe that briefing on ATF's application of Exemption 3 proceed (which it should not as discussed above), Defendant proposes the following briefing schedule. Due to Defendants' counsel's anticipated extended leave from the office and the need for another government attorney (with no familiarity as to the underlying issues in this case) to handle primary responsibility for drafting Defendants' summary judgment motion and any responses thereto, Defendants' request more time than that proposed by Plaintiff:

| | |
|---|---|
| Defs' Motion for Summary Judgment | June 25, 2020 |
| Pl. Opp. and Cross-Mot. for Summary Judgment | July 27, 2020 |
| Defs' Reply and Opp. to Cross-Motion | August 27, 2020 |
| Pl. Reply | September 17, 2020 |

May 11, 2020

/s/ Kevin T. Barnett
Kevin T. Barnett (D.C. Bar No. 1003410)
Alan Pemberton (D.C. Bar No. 367108)
Nooree Lee (D.C. Bar No. 1001687)
Covington & Burling LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
(202) 662-5430
kbarnett@cov.com

Jonathan E. Lowy (D.C. Bar No. 418654)
Joshua Scharff (D.C. Bar No. 999392)
Brady Center to Prevent Gun Violence
840 First Street NE Suite 400
Washington, DC 20002
(202) 370-8105
jscharff@bradymail.org

*Attorneys for Plaintiff*

TIMOTHY J. SHEA
D.C. BAR # 437437
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN
D.C. BAR # 924092
Chief, Civil Division

/s/ Brenda González Horowitz
BRENDA GONZÁLEZ HOROWITZ
D.C. Bar # 1017243
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.—Civil Division
Washington, D.C. 20530
(202) 252-2512
Brenad.Gonzalez.Horowitz@usdoj.gov

*Attorneys for Defendants*