UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE BRADY CENTER TO PREVENT GUN VIOLAENCE,<br><br>    *Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, et al.,<br><br>    *Defendants*. | Civil Action No. 17-2130 (RDM)<br>Consolidated with 18-2643 (RDM) |

### JOINT STATUS REPORT

Pursuant to this Court's March 15, 2022 Minute Order, Plaintiff, the Brady Center to Prevent Gun Violence ("Brady Center"), and Defendants, the United States Department of Justice and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), respectfully submit this Joint Status Report to apprise the Court of the status of these consolidated Freedom of Information Act ("FOIA") cases. These cases concern three FOIA requests submitted by the Brady Center: The White Paper Request filed March 29, 2017; the First Warning Letter Request filed August 7, 2017; and the Second Warning Letter Request filed July 3, 2018. The ATF began producing records responsive to the First Warning Letter request in February 2018 and to the Second Warning Letter request in December 2019.

As reported in the previous Joint Status Report (ECF No. 55), on March 4, 2022, ATF reported to the Brady Center that ATF has completed its productions in response to both the First Warning Letter Request and the Second Warning Letter Request, as those terms have been used in this litigation, and that the Brady Center anticipated providing ATF with any concerns regarding the productions by March 25, 2022. In the parties' last Joint Status Report, the Brady Center and the ATF laid out a proposed schedule for resolving any remaining concerns regarding the First

Warning Letter and Second Warning Letter productions. As reported, the Brady Center would provide ATF with any concerns regarding the Brady Center's productions by March 25, 2022; ATF would provide the Brady Center with a timetable for its position in response by April 1, 2022 and then endeavor to provide the Brady Center with a substantive response by May 15, 2022, depending on the scope of the Brady Center's questions.  See ECF 55, Joint Status Report (Mar. 15, 2022).

I.      **Brady Center Identified Concerns by Agreed-On Deadline.**

On March 25, 2022, the Brady Center provided four substantive questions about the completeness of the ATF's First and Second Warning Letter productions.

*First*, the Brady Center questioned why the ATF did not produce all 1019 additional inspection reports that ATF previously identified.  The Brady Center provided the following context:

> In Summer 2021, the ATF reported that it had completed its release of records responsive to the First Warning Letter Request.  The Brady Center reviewed the production and raised concerns that there was a disparity between the number of inspection reports released and the ATF's published information about how many inspections were conducted.  After the Brady Center raised these concerns, the ATF found an additional 1019 inspections from the First Warning Letter period alone. See JSR (July 19, 2021).  In addition, the ATF stated that it would release the additional 1019 inspection reports starting in September 2021.  Since that time, however, ATF has only made four productions of documents related to the First Warning Letter Request and only produced reports relating to roughly 147 inspections.

*Second*, the Brady Center asked why the ATF's final production results did not match the publicly available information that the ATF publishes about the number of inspections.  For example, after reviewing the ATF's "complete" productions to date, the Brady Center tallied the number of reports it received where the ATF issued at least a warning letter and compared those

numbers to the totals that ATF publishes annually about the number of inspections it conducts and the results of those inspections. Comparing these two data sets reveals Brady Center's concerns:

|         | **ATF Reported Totals** | **ATF Produced Totals** | **Difference** | **% Difference** |
|---------|-------------------------|-------------------------|----------------|------------------|
| FY 2016 | 1831                    | 1058                    | 773            | 73%              |
| FY 2017 | 1866                    | 1017                    | 849            | 83%              |
| FY 2018 | 1508                    | 704                     | 804            | 114%             |

The Brady Center raised similar concerns after the ATF initially claimed that it had completed its production of First Warning Letter productions. See JSR (Apr. 19, 2021). After the Brady Center raised these concerns, the ATF found an additional 1019 inspections from the First Warning Letter period alone. See JSR (July 19, 2021). When reporting to the Court about these issues, the ATF "note[d] that its investigation involves aligning public facing data (compiled by one office some time ago) with thousands of reports contained in an antiquated database and compiled from across the entire agency in real time by hundreds of inspectors over a period of years." Id.

*Third*, the Brady Center noted that the ATF has not produced both an Assignment and Report and a Firearms Narrative Report for each inspection, identifying 28 Assignment and Reports that were missing accompanying narrative reports. See JSR (Oct. 31, 2019) (explaining that a responsive inspection report includes both an "Assignment and Report" and a "Firearms Narrative Report.").

*Fourth*, the Brady Center noted that the ATF produced what appears to be four partial reports and two other reports that stated "A Warning letter was issued for this inspections, but the Warning Letter could not be produced." The Brady Center provided the list of the relevant inspection reports and requested confirmation and an explanation for these incomplete productions.

3

**II.    ATF Needs Additional Time to Respond to the Brady Center's Concerns.**

Two weeks after receiving the Brady Center's questions, on April 1, 2022, ATF reported that it "anticipates providing a response June 1, 2022 because a response will require ATF to undergo a tedious process."

ATF, however, now needs additional time (until June 24, 2022) to provide the Brady Center with the substantive response due to the scope of the Brady Center's questions and the complexity of the data and records concerning federal firearms licensee ("FFL") inspections covering a span of more than three years.  As part of this effort, ATF has looked back through agency databases and prepared a comprehensive spreadsheet that will provide additional, detailed information concerning the thousands of FFL inspections at issue.  This effort to catalogue and verify responsive inspections has required considerable resources and internal coordination.  While nearly complete, ATF needs a few more weeks to finish reviewing the data to ensure that its written responses accurately align with the information that we have now compiled.  ATF will produce its spreadsheet of responsive FFL inspections with its written responses to Brady Center.

**III.    Next Steps**

The parties respectfully propose that the Court enter a scheduling order confirming that ATF will provide its responses to the Brady Center's concerns by June 24, 2022 and that the parties file another joint status report by July 20, 2022 to apprise the Court of the status of ATF's production of records responsive to the Brady Center's First and Second Warning Letter Requests and propose a schedule for briefing dispositive motions to conclude this matter if necessary. A proposed order is attached.

*    *    *

Dated:  June 15, 2022

/s/ Kevin T. Barnett
Kevin T. Barnett (D.C. Bar No. 1003410)
Piliero Mazza
888 17th Street, NW, 11th Floor
Washington, DC 20006
(202) 857-1000
kbarnett@pilieromazza.com

Alan Pemberton (D.C. Bar No. 367108)
Nooree Lee (D.C. Bar No. 1001687)
Covington & Burling LLP
One CityCenter
850 Tenth Street NW Washington,
DC 20001
(202) 662-5430
apemberton@cov.com
nlee@cov.com

Jonathan E. Lowy (D.C. Bar No. 418654)
Joshua Scharff (D.C. Bar No. 999392)
Brady Center to Prevent Gun Violence 840
First Street NE Suite 400
Washington, DC 20002
(202) 370-8105
jscharff@bradymail.org

*Counsel for Plaintiff*

Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:  */s/ Stephen DeGenaro*
STEPHEN DEGENARO, D.C. Bar #1047116
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-7229
stephen.degenaro@usdoj.gov

*Counsel for Defendant*

5