UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| THE BRADY CENTER TO PREVENT GUN VIOLENCE, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, *et al.*, <br><br> Defendants. | Civil Action No. 17-2130 (RDM) <br> Consolidated with 18-2643 (RDM) |

### JOINT STATUS REPORT

Pursuant to this Court's June 17, 2022 Minute Order, Plaintiff, the Brady Center to Prevent Gun Violence ("Brady Center"), and Defendants, the United States Department of Justice and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), respectfully submit this Joint Status Report to apprise the Court of the status of these consolidated Freedom of Information Act cases.

This litigation, including the consolidated case, concerns three Freedom of Information Act ("FOIA") requests submitted by the Brady Center: The White Paper Request filed March 29, 2017; the First Warning Letter Request filed August 7, 2017; and the Second Warning Letter Request filed July 3, 2018. The ATF began producing records responsive to the First Warning Letter request in February 2018 and, since that time, has produced material on 3,383 inspections responsive to both the First and Second Warning Letter requests.

On March 4, 2022, ATF reported to the Brady Center that ATF had completed its productions in response to both the First Warning Letter Request and the Second Warning Letter Request, as those terms have been used in this litigation. The Brady Center raised some concerns about the completeness of the production, asking (1) why the ATF did not produce all 1019

additional inspection reports that ATF previously identified; (2) why the ATF's final production results did not match the publicly available information that the ATF publishes about the number of inspections; (3) why 28 identified inspection reports were missing accompanying narrative reports; and (4) why six reports appeared to be only partially produced.  See ECF 57, Joint Status Report (June 15, 2022).

As required by the Court's June 17, 2022 Order, the ATF responded to the Brady Center's concerns on June 24, 2022.  The ATF's response revealed that although it had released materials on 3,383 inspections, ATF still had an additional 2,400 FFL inspections that need to be produced in response to both the First and Second Warning Letter requests (1,732 FFL inspections remaining for the First Warning Letter production, and 668 FFL inspections remaining for the Second Warning Letter production), plus 26 other reports that were missing narrative reports or were otherwise incomplete (identified by the Brady Center in response to questions 3 and 4 above).

The ATF explained the cause of these previously unidentified and unreleased inspection reports:

> When undertaking a search for data that would be responsive to a FOIA request, ATF's Information and Privacy Governance Division (IPG Division) must often rely upon entities within the agency who are familiar with how the underlying data is collected, maintained, and structured. In this instance, IPG requested a document be developed to act as a key to what inspections would meet the underlying criteria set forth in the request(s). IPG Division had reason to believe that this key, or roadmap, would be the universe of responsive documents. Due to the expansive scope of the First and Second Warning Letter requests and ATF's transition in recent years to a new case management system for the FFL inspection program, the underlying data was determined to exist in multiple databases. This further complicated relatively simple data queries that could not be replicated.
>
> ATF agrees with Plaintiff's assertion that there appeared to be a large gap of data missing between what ATF put on the website to what was indicated in our original roadmap. In the time since the

> initial roadmap was developed, ATF was charged by the Attorney General with undertaking a comprehensive study of criminal gun trafficking and commerce. As you may be aware, the first volume of this on-going project, the National Firearms in Commerce and Trafficking Assessment (NFCTA), was recently published. During the data preparation for this report, ATF leveraged analytic technology to normalize data across numerous datasets and databases. The data output was ultimately used and validated by academics contracted by the Department to analyze ATF datasets and write the NFCTA. The kinds of technological methods and professional resources used in the NFCTA effort were simply not available to IPG Division or those involved with . . . determining the universe of responsive inspection records during the course of the original FOIA production efforts.
>
> One of the recently completed NFCTA datasets provides a new roadmap that delivers an accurate accounting of what inspections are responsive to the plaintiff's requests. IPG Division has compared our original roadmap(s) with the NFCTA dataset to determine which inspections were previously unaccounted. Thus far, ATF has produced material on 3,383 inspections, see attached "Completed Inspections;" ATF has identified 2,400 responsive and missing inspections, see attached "Remaining Inspections." We hope that this data set, which is the result of an extraordinary amount of data analysis and labor-intensive reviews of source files, will aid Plaintiff's own evaluation of the gap between the inspection records already produced in this matter to date and those that must be produced in the future.

The ATF has agreed to (i) release 26 of the reports identified by the Brady Center as incomplete by July 31, 2022; (ii) re-instate monthly processing of at least 1500 pages per month starting by July 31, 2022; and (iii) re-open discussions on the possibility of increased monthly production rates by November 1, 2022, which shall include discussions about ATF's efforts to hire and train additional staff. In addition, the ATF has agreed to discuss prioritizing the unreleased records, depending on available system capabilities.

The parties respectfully propose that the Court enter a scheduling order confirming the above schedule and allowing the parties to file another joint status report by December 1, 2022 to

apprise the Court of the status of ATF's production of records responsive to the Brady Center's First and Second Warning Letter Requests. A proposed order is attached.

Respectfully submitted,

| | |
|---|---|
| /s/ Kevin T. Barnett<br>Kevin T. Barnett (D.C. Bar No. 1003410)<br>Piliero Mazza<br>1001 G Street, NW, Suite 1100<br>Washington, DC 20001<br>(202) 857-1000<br>kbarnett@pilieromazza.com | MATTHEW M. GRAVES, D.C. Bar #481052<br>United States Attorney<br><br>BRIAN P. HUDAK<br>Acting Chief, Civil Division |
| Alan Pemberton (D.C. Bar No. 367108)<br>Nooree Lee (D.C. Bar No. 1001687)<br>Covington & Burling LLP<br>One CityCenter<br>850 Tenth Street NW<br>Washington, DC 20001<br>(202) 662-5430<br>apemberton@cov.com<br>nlee@cov.com | By:   /s/ Michael A. Tilghman II<br>       MICHAEL A. TILGHMAN II<br>       D.C. Bar # 988441<br>       Assistant United States Attorney<br>       U.S. Attorney's Office, Civil Division<br>       601 D Street, NW<br>       Washington, DC 20530<br>       (202) 252-7113<br>       Michael.Tilghman@usdoj.gov<br><br>*Attorneys for the United States of America* |
| Jonathan E. Lowy (D.C. Bar No. 418654)<br>Joshua Scharff (D.C. Bar No. 999392)<br>Brady Center to Prevent Gun Violence<br>840 First Street NE Suite 400<br>Washington, DC 20002<br>(202) 370-8105<br>jscharff@bradymail.org<br><br>*Attorneys for Plaintiff* | |

Dated: July 20, 2022