UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE BRADY CENTER TO PREVENT GUN VIOLENCE, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 17-2130 (RDM) <br> ) Consolidated with 18-2643 (RDM) <br> ) <br> ) <br> ) <br> ) <br> ) |

## JOINT STATUS REPORT

Pursuant to this Court's May 31, 2023, Minute Order, Plaintiff, the Brady Center to Prevent Gun Violence ("Brady Center"), and Defendants, the United States Department of Justice and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") (collectively, "the Parties"), respectfully submit this Joint Status Report to apprise the Court of the status of these consolidated Freedom of Information Act cases.

1. This litigation, including the consolidated case, concerns three Freedom of Information Act ("FOIA") requests submitted by the Brady Center: The White Paper Request filed March 29, 2017; the First Warning Letter Request filed August 7, 2017; and the Second Warning Letter Request filed July 3, 2018. The ATF began producing records responsive to the First Warning Letter request in February 2018 and, since that time, has produced material on more than 3,000 inspections responsive to both the First and Second Warning Letter requests.

2. As previously explained, ATF has agreed to an increased processing rate of 3,000 pages per month beginning in February 2023.

3. On August 31, 2023, ATF issued an interim production to Plaintiff for which it processed 3,015 pages of material, withholding some information pursuant to FOIA exemptions

3, 4, 6 and 7(c). 5 U.S.C. § 552 (b)(3); 5 U.S.C. § 552 (b)(4); 5 U.S.C. § 552(b)(6); 5 U.S.C. § 552(b)(7)(c).

4.  On September 13, 2023, ATF sent an email communication to Plaintiff seeking a pause in the monthly production to focus on reviewing and posting inspection records pertaining to Federal Firearms Licensees ("FFL") revocations.

5.  As part of this effort, ATF posted inspection records pertaining to fiscal year 2021-2022 revocations under President Biden's zero-tolerance policy, aimed at licensees who commit willful violations of the Gun Control Act, which requested ATF to provide the public with additional data to promote transparency and accountability in enforcement of federally licensed firearms dealer inspections.

6.  ATF also started reviewing for publication inspection reports for FFLs whose licenses would have been revoked but for extraordinary circumstances in addition to FFLs who voluntarily surrendered their license upon being cited for qualifying violations. Once posted, ATF will publish the same categories of inspection reports for fiscal year 2023 inspections on its website on a rolling basis.

7.  As part of this ongoing effort, the Parties agreed to allow ATF to pause its production for a period of ninety days, beginning September 13, 2023, in order to allow ATF to strategically allocate its resources to better meet its continuing obligation to provide the public with additional data to promote transparency and accountability in the enforcement of federally licensed firearms dealers through making detailed information about inspection findings and enforcement actions publicly available.

8.  ATF first began posting the documents online on Friday, October 27, 2023.

9. To this point, ATF has posted the qualifying inspection reports for the fiscal year 2021-2022 inspections and inspection reports for FFLs whose licenses would have been revoked but for extraordinary circumstances.

10. ATF resumed its obligation to produce 3,000 pages per month with its December 29, 2023, production and subsequently produced the next 3,000 pages on January 31, 2024, February 29, 2024, March 31, 2024, April 30, 2024, May 31, 2024, June 28, 2024, and is line to release the next 3,000 pages on July 31, 2024.

11. In light of the foregoing, the parties respectfully propose that they file another joint status report by November 19, 2024, to apprise the Court of the status of ATF's production of records responsive to the Brady Center's First and Second Warning Letter Requests.

*   *   *

Respectfully submitted,

/s/ Kevin T. Barnett
Kevin T. Barnett (D.C. Bar No. 1003410)
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue NW
Washington, DC 20001
(202) 861.1642
kbarnett@bakerlaw.com

Alan Pemberton (D.C. Bar No. 367108)
Nooree Lee (D.C. Bar No. 1001687)
Covington & Burling LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
(202) 662-5430
apemberton@cov.com
nlee@cov.com

Joshua Scharff (D.C. Bar No. 999392)
Brady Center to Prevent Gun Violence
840 First Street NE Suite 400
Washington, DC 20002
(202) 370-8105
jscharff@bradymail.org

*Attorneys for Plaintiff*

Dated: July 22, 2024

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

/s/ Dedra S. Curteman
DEDRA S. CURTEMAN
D.C. Bar #90021492
Assistant United States Attorney
U.S. Attorney's Office, Civil Division
601 D Street, NW
Washington, DC 20530
(202) 252-2550
dedra.curteman@usdoj.gov

*Attorneys for the United States of America*